The Honorable Shawn Womack State Senator Post Office Box 332 Mountain Home, AR 72654
Dear Senator Womack:
You have requested my opinion concerning the meaning of the language of a Consent Decree that you indicate was entered in Case Number 98-3065 by the U.S. District Court for the Western District of Arkansas. You state that that case was brought against the Harrison School District by parents in the school district. It was a Title IX action.
You quote the following language from page 10, item 14 of the Consent Decree:
 All home basketball games shall be scheduled in a manner which provides males and females an equal opportunity to play at the most desirable game times. This may be accomplished, at the School District's option, by alternating game times from one game to the next or by alternating schedules from one year to the next. Softball games may be scheduled even if they conflict with football games.
You indicate that the school district alternates the basketball games of the boys and the girls. When the girls are scheduled to play at 6:00 p.m., the boys are then scheduled to play at 7:30. The order is reversed the next time a game is scheduled when the boys and girls are playing against another high school opponent.
Finally, you state that it is your understanding that the overwhelming desire of the community and the boys and the girls who participate in the games is for the games of the girls to begin at 6:00 p.m. and the games of the boys to begin at 7:30.
In light of the foregoing background information, you have asked:
 Based upon the language in the Consent Decree of Case Number 98-3065, do the boys' and girls' games have to be alternated, or is alternation simply an option?
RESPONSE
I cannot render an opinion on this matter. The appropriate interpretation of a facially valid court order is a matter that must be undertaken by the parties to the case or by the court itself. Any comment by my office, an executive office of government, on a matter that is properly in the milieu of the judiciary would constitute a violation of the constitutional principle of separation of powers. If the interested parties are in need of guidance concerning their compliance with a court order, that guidance must come from their own counsel or from the judicial branch of government. For these reasons, I must decline to answer your question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General